IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE OPERATING, LLC, doing business as GOLDEN LIVING CENTER -WALNUT CREEK, ERIE ACQUISITION, LLC, et al., <br> Plaintiffs <br><br> v. <br><br> TOM FOSTER, Administrator of the Estate of Kenneth W. Foster, Deceased, <br> Defendant. | Civil Action No. 14-72 Erie <br><br> District Judge Motz <br> Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss [ECF No. 7] be granted and that Plaintiffs' complaint to compel arbitration be dismissed.

### II.  REPORT

#### A.  Relevant Procedural and Factual History

On March 4, 2014, Plaintiffs Erie Operating, LLC d/b/a Golden Living Center-Walnut Creek, Erie Acquisition, LLC; Golden Gate National Senior Care, LLC; GGNSC Equity Holdings, LLC; GGNSC Holdings, LLC; GGNSC Clinical Services, LLC; GGNSC Administrative Services, LLC: Spectra Healthcare Alliance VI, LLC; and Beverly Enterprises, Inc., initiated this action by filing a complaint to compel arbitration and stay proceedings in Court of Common Pleas of Erie County, PA [ECF No. 1] against Defendant Tom Foster, Administrator of the Estate of Kenneth W. Foster, deceased, pursuant to 28 U.S.C. §1332(a)(1) and 9 U.S.C. §4 of the Federal Arbitration Act ("FAA").

According to the complaint, the deceased, Kenneth W. Foster, was a resident at the Golden Living Center – Walnut Creek skilled nursing facility in Erie, Pennsylvania from May 4, 2012 through May 27, 2012. (ECF No. 1, Complaint, at ¶ 2). Upon his admission to the facility,

Decedent executed, *inter alia*, an Alternative Dispute Resolution Agreement ("ADR Agreement"), which provides, in pertinent part:

> This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action in a court of law sitting in the state where the Facility is located. Covered Disputes include but are not limited to all claims in law or equity arising from one Party's failure to satisfy a financial obligation to the other Party; a violation of a right claimed to exist under federal, state, or local law or contractual agreement between the Parties; tort; breach of contract, consumer protection; fraud; misrepresentation; negligence; gross negligence; malpractice, and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards.

(Id. at ¶¶ 3, 28; Exhibit 3, p. 2).

On or about January 28, 2014, Defendant initiated a general docket civil action in the Court of Common Pleas of Erie County, Pennsylvania, by filing a Praecipe for Writ of Summons at Docket No. 10203 of 2014, naming all Plaintiffs in the present action as potential Defendants in the state court action. (Id. at ¶ 1). An Amended Praecipe for Writ of Summons was subsequently filed by Defendant on or about February 11, 2014, naming Denise Curry ("Curry"), a Pennsylvania resident, as an additional potential Defendant in the state court action. (Id. at 1; Exhibit 1).

Plaintiffs allege that "any and all of Defendant's claims against Plaintiffs which might be raised in the underlying state court civil action are covered disputes within the scope of the ADR Agreement executed by Decedent" and, therefore, such claims must be pursued through arbitration in accordance with the ADR Agreement and Section 2 of the FAA, 9 U.S.C. §2. Plaintiffs allege further that, on February 20, 2014, they made a written demand upon Defendant to arbitrate his claims, but Defendant "has refused to submit his disputes according to the ADR

Agreement." (Id. at ¶ 31).

Defendant has filed a motion to dismiss Plaintiffs' complaint [ECF No. 7], arguing, *inter alia*, that Plaintiffs cannot compel arbitration pursuant to Section 4 of the FAA because Defendant has not yet filed a complaint in the state court action and, thus, has not unequivocally refused to arbitrate. Defendant argues further that Plaintiffs' complaint should be dismissed because they have failed to join Curry, a non-diverse state court defendant who is allegedly a necessary and indispensable party. Plaintiffs have filed a brief in opposition to Defendant's motion [ECF No. 11], maintaining that they are entitled to compel arbitration because Defendant has failed to submit his claims to arbitration pursuant to the ADR Agreement.

Oral argument on Defendant's motion was heard by this Court on December 29, 2014. During this argument, Defendant's counsel represented to the Court that no complaint has yet been filed in the underlying state court action, but that it is Defendant's intent to do so in the near future. In addition, both parties represented to the Court that Defendant has never expressly rejected Plaintiffs' written demand to submit Defendant's dispute to arbitration; rather, Defendant has simply chosen not to respond to the demand while conducting an investigation of his potential claims. This matter is now ripe for consideration.

### B. Standard of Review

Although Defendant has styled his motion to dismiss as a motion for failure to state a cause of action upon which relief may be granted under Fed.R.Civ.P. Rule 12(b)(6), the motion will be more appropriately considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).[1]

---

[1] Defendant also seeks dismissal of the complaint based upon Plaintiffs' alleged failure to join Denise Curry as a

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977). In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff. Id.; Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891. The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.; cf. Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter

---

necessary and indispensable party under Rule 19(a). Such a motion is governed by the standard applicable to Rule 12(b)(7); however, there is no need to cite that standard here since the motion is being decided on jurisdictional grounds.

on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

### C. Discussion

Section 4 of the FAA provides, in pertinent part, that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court … for an order directing that such arbitration proceed in the manner provided for in such agreement…." 9 U.S.C. § 4. An action to compel arbitration "calls for a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005). Moreover, "an action to compel arbitration under the [FAA] accrues only when the respondent unequivocally refuses to arbitrate." Paine Webber Inc. v. Faragalli, 61 F.3d 1063, 1068 (3d Cir. 1995).

Here, Defendant argues, *inter alia*, that this Court is without authority to compel arbitration because it cannot definitively determine at this point whether the particular dispute falls within the scope of the arbitration agreement at issue. The Court agrees. The only document that has been filed in the state court action is a Writ of Summons, which sets forth no cause of action against Plaintiffs. As the Third Circuit Court recognized in Paine Webber,

> Filing a Pennsylvania Writ of Summons cannot constitute an unequivocal refusal to arbitrate because the Writ is silent as to the subject matter of the dispute…. It neither requires the defendant to take any responsive action, nor does it indicate to the defendant the subject matter of the dispute. Indeed, Pennsylvania courts have emphasized that a Writ of Summons is not a 'pleading.' Hence the defendant cannot file preliminary objections to the Writ, which is the Pennsylvania procedure for asserting the defense of an agreement to arbitrate. And, *a fortiori*, **because the defendant cannot know the gravamen of the plaintiff's complaint, the defendant is forestalled from**

**claiming that the parties have agreed to arbitrate the disputed matter**.

Paine Webber, 61 F.3d at 1066, 1068 (internal citations omitted) (emphasis added).

Although Defendant's counsel has represented to the Court that he anticipates filing a complaint in the near future, and has even disclosed the anticipated nature of the claims, the Court cannot speculatively fashion an order compelling arbitration of anticipated claims. Because no complaint definitively establishing Defendant's claims has yet been filed, and the mere filing of a Writ of Summons does not constitute a refusal to arbitrate, there is no justiciable case or controversy before this Court. Paine Webber, 61 F.3d at 1067 ("it is doubtful that a petition to compel arbitration filed before the 'adverse' party has refused arbitration would present an Article III court with a justiciable case or controversy in the first instance"). Accordingly, Defendant's motion to dismiss Plaintiffs' complaint should be granted, without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [ECF No. 7], be granted and that Plaintiff's complaint to compel arbitration be dismissed, without prejudice.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

Dated: December 31, 2014

cc:    The Honorable J. Frederick Motz
       United States District Judge