# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE OPERATING, LLC d/b/a GOLDEN LIVING CENTER-WALNUT CREEK, ERIE ACQUISITION, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC CLINICAL SERVICES, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; SPECTRA HEALTHCARE ALLIANCE, INC.; SPECTRA HEALTCARE ALLIANCE VI, LLC; and BEVERLY ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TOM FOSTER, Administrator of the Estate of Kenneth W. Foster, Deceased, <br><br> Defendant. | C.A. No. 14-72 Erie |

## **MEMORANDUM ORDER**

This civil action under the Federal Arbitration Act was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Local Rules 72.1.3 and 72.1.4.

The procedural posture of this case is unusual. Plaintiffs filed their initial Complaint on March 4, 2014. Defendant filed a MOTION TO DISMISS (ECF No. 7), with brief in support. Plaintiffs filed a response in opposition to the motion. Magistrate Judge Baxter heard oral argument and on December 31, 2014, she issued a Report and Recommendation ("R&R") which recommended that the Motion to Dismiss be GRANTED. Subsequently, Plaintiffs filed both a Motion to File a Supplemental Pleading (ECF No. 15) and timely Objections to the R&R (ECF

No. 17). On February 5, 2015, Magistrate Judge Baxter granted Plaintiffs' motion to file a supplemental pleading. On February 10, 2015, Plaintiffs filed a "Supplemental Complaint" (ECF No. 21), which pleads additional facts regarding the state court action filed by Defendant.

The newly-pled facts change the nature of the Plaintiffs' legal argument rather than merely recount a subsequent occurrence. Thus, the Court finds that Plaintiffs have, in actuality, filed an "Amended Complaint" pursuant to Fed. R. Civ. P. 15(a), rather than a "Supplemental Complaint" pursuant to Fed. R. Civ. P. 15(d). It will construe Plaintiffs' filing as an "Amended Complaint" to which Defendant must file a responsive pleading or appropriate motion.

An Amended Complaint supersedes the original Complaint and becomes the operative pleading in the case. Because the original motion to dismiss and the Magistrate Judge's R&R were based on the original – now superseded – Complaint, that motion, the R&R and the Objections thereto are now moot.

The following order is hereby entered:

AND NOW, this 18th Day of February, 2015, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendants' MOTION TO DISMISS (ECF No. 10); the December 31, 2014 Report and Recommendation of the Magistrate Judge; and Plaintiffs' Objections thereto (ECF No. 17) are **DENIED AS MOOT.**

The case is hereby remanded to Magistrate Judge Baxter for further proceedings based on the Amended Complaint.

    /s Terrence F. McVerry
    TERRENCE F. McVERRY
    United States District Judge

cc: U.S. Magistrate Judge Susan Paradise Baxter
      All parties of record