IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE OPERATING, LLC, doing business as GOLDEN LIVING CENTER -WALNUT CREEK, ERIE ACQUISITION, LLC, et al.,<br>　　　　Plaintiffs<br><br>　　　v.<br><br>TOM FOSTER, Administrator of the Estate of Kenneth W. Foster, Deceased,<br>　　　　Defendant. | Civil Action No. 14-72 Erie<br><br>District Judge McVerry<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

It is respectfully recommended that Plaintiffs' motion to stay proceedings in the Court of Common Pleas of Erie County, Pennsylvania [ECF No. 28] be denied.

**II.　REPORT**

**A.　Relevant Procedural and Factual History**

On or about January 28, 2014, Defendant initiated a general docket civil action in the Court of Common Pleas of Erie County, Pennsylvania, by filing a Praecipe for Writ of Summons at Docket No. 10203 of 2014, naming all Plaintiffs in the present action as potential Defendants in the state court case. (Id. at ¶ 1). An Amended Praecipe for Writ of Summons was subsequently filed by Defendant on or about February 11, 2014, naming Denise Curry ("Curry"), a Pennsylvania resident, as an additional potential Defendant in the state court action. (Id. at 1; Exhibit 1).

On March 4, 2014, Plaintiffs Erie Operating, LLC d/b/a Golden Living Center-Walnut Creek, Erie Acquisition, LLC; Golden Gate National Senior Care, LLC; GGNSC Equity Holdings, LLC; GGNSC Holdings, LLC; GGNSC Clinical Services, LLC; GGNSC

Administrative Services, LLC: Spectra Healthcare Alliance VI, LLC; and Beverly Enterprises, Inc., filed this complaint to compel arbitration and stay proceedings in the Court of Common Pleas of Erie County, PA [ECF No. 1] against Defendant Tom Foster, Administrator of the Estate of Kenneth W. Foster, deceased, pursuant to 28 U.S.C. §1332(a)(1) and 9 U.S.C. §4 of the Federal Arbitration Act ("FAA").

According to Plaintiffs' complaint, the deceased, Kenneth W. Foster, was a resident at the Golden Living Center – Walnut Creek skilled nursing facility in Erie, Pennsylvania from May 4, 2012 through May 27, 2012. (ECF No. 1, Complaint, at ¶ 2). Upon his admission to the facility, Decedent executed, *inter alia*, an Alternative Dispute Resolution Agreement ("ADR Agreement"), which provides, in pertinent part:

> This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action in a court of law sitting in the state where the Facility is located. Covered Disputes include but are not limited to all claims in law or equity arising from one Party's failure to satisfy a financial obligation to the other Party; a violation of a right claimed to exist under federal, state, or local law or contractual agreement between the Parties; tort; breach of contract, consumer protection; fraud; misrepresentation; negligence; gross negligence; malpractice, and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards.

(Id. at ¶¶ 3, 28; Exhibit 3, p. 2). Plaintiffs allege that "any and all of Defendant's claims against Plaintiffs which might be raised in the underlying state court civil action are covered disputes within the scope of the ADR Agreement executed by Decedent" and, therefore, such claims must be pursued through arbitration in accordance with the ADR Agreement and Section 2 of the FAA, 9 U.S.C. §2. Plaintiffs allege further that, on February 20, 2014, they made a written demand upon Defendant to arbitrate his claims, but Defendant "has refused to submit his disputes according to the ADR Agreement." (Id. at ¶ 31).

On May 2, 2014, Defendant filed a motion to dismiss Plaintiffs' complaint [ECF No. 7]. After oral argument was heard on Defendant's motion, this Court issued a Report and Recommendation ("R&R") on December 31, 2014, recommending that Defendant's motion to dismiss be granted, without prejudice, because there was no justiciable case or controversy before the Court due to the fact that Plaintiff had not yet filed a complaint in the state court action. [ECF No. 14].

On the same date as this R&R, Defendant filed his complaint in the state court action, which alleges claims against Plaintiffs and Curry pursuant to, *inter alia*, Pennsylvania's Survival Statute (42 Pa.C.S.A. § 8302) and Wrongful Death Act (42 Pa.C.S.A. § 8301) [ECF No. 25-1]. Plaintiffs and Curry filed preliminary objections to Defendant's state court complaint on January 16, 2015, arguing that the state court action should be compelled to binding arbitration pursuant to the same ADR Agreement at issue here. [ECF No. 25-2].

Plaintiffs subsequently filed a motion for leave to file a supplemental pleading in this case [ECF No. 15], which was granted by Order dated February 5, 2015. As a result, Plaintiffs filed an amended complaint on February 10, 2015 [ECF No. 21]. In light of Defendant's filing of the state court complaint and Plaintiffs' filing of an amended complaint in this action, District Judge Terrence F. McVerry issued a Memorandum Order on February 18, 2015, denying the R&R as moot and remanding the case for further proceedings [ECF No. 23]. On February 24, 2015, Defendant filed a motion to dismiss Plaintiff's amended complaint [ECF No. 24], to which Plaintiffs filed a response in opposition [ECF No. 26]. Said motion remains pending.

On or about May 21, 2015, Defendant moved the state court to set an argument date on the preliminary objections, including the arbitration issue. [ECF No. 28-1]. On May 28, 2015,

Plaintiffs filed with this Court a motion to stay proceedings in the Court of Common Pleas of Erie County, Pennsylvania [ECF No. 28]. Defendant has since filed a response and brief in opposition to Plaintiffs' motion to stay proceedings [ECF Nos. 32, 33]. This matter is now ripe for consideration.

### B. Discussion

#### 1. Section 3 of the Federal Arbitration Act

Initially, Plaintiffs assert that this Court should stay Defendant's state court proceedings pursuant to Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, **upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration** under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement….

(emphasis added). As Defendant cogently argues, however, the above-highlighted portion of section 3 indicates that a court is empowered to stay a proceeding pending arbitration only after it is satisfied that the proceeding is one that must be referred to arbitration under the FAA. See In re Mintze, 434 F.3d 222, 229 (3d Cir. 2006) (finding that, under 9 U.S.C. § 3, "[a] court has the power to stay a proceeding if it determines that an issue falls under an applicable arbitration clause"); Grimm v. First Nat'l Bank of Pennsylvania, 578 F.Supp.2d 785, 791-92 (W.D.Pa. 2008), citing Lloyd v. HOVENSA, LLC, 369 F.3d 263, 269 (3d Cir. 2004) ([w]hen a party requests a stay of proceedings as part of a motion to compel arbitration, a District Court is obligated to grant the stay if it decides to compel arbitration").

Here, the underlying issue of whether Defendant's state court claims fall within the ambit

of the ADR Agreement has not yet been determined by either this Court or the state court. Thus, Plaintiffs' reliance on the stay provision of Section 3 of the FAA is premature.

### 2. Anti-Injunction Act

Plaintiff next argues that the Court is authorized by the Anti-Injunction Act to stay Defendant's state court action. As a general rule, "the Anti-Injunction Act is 'an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions.'" In re General Motors Corp. Pick-Up Fuel Tank Products Liability Litigation, 134 F.3d 133, 144 (3d Cir. 1998), quoting Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). In particular, the Act allows a federal court to stay state court proceedings only where a stay is (i) expressly authorized by Act of Congress; (ii) necessary in aid of the federal court's jurisdiction; or (iii) necessary to protect or effectuate the federal court's judgments. 28 USC §2283. "These three exceptions are to be rigorously construed and 'should not be enlarged by loose statutory construction.'" In re General Motors, 134 F.3d at 144, quoting Atlantic Coast, 398 U.S. at 287. "[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." Atlantic Coast, 398 U.S. at 294. "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." Id. at 297.

Here, Plaintiffs invoke the second and third exceptions in seeking this Court's stay of Defendant's state court proceeding. However, neither exception applies under the present

circumstances.

First, the Court notes that the "necessary in aid of its jurisdiction" exception applies only "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Atlantic Coast, 398 U.S. at 295. However, the mere "possibility that a parallel state proceeding might interfere with a protected federal right or erroneously apply federal law does not make an injunction 'necessary' to aid the court's jurisdiction." Zurich Am. Ins. Co. v. Superior Court for the State of California, 326 F.3d 816, 825 (7th Cir. 2003). Furthermore, the Third Circuit Court has noted that "the typical application of this exception has been in removal cases (where a district court must ensure its exclusive governance of the particular litigation removed) and in in rem cases (where, under the traditional view, only one court can entertain jurisdiction over a particular res)." 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 407 (3d Cir. 1992) (footnotes and citations omitted). Neither the removal nor in rem application of this exception is implicated here. Thus, Plaintiffs' reliance on the second exception under the Anti-Injunction Act is unavailing.

Second, the "necessary to protect or effectuate judgment" exception "is founded in the well-recognized concepts of res judicata and collateral estoppel," and "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988). As noted earlier, the underlying issue of whether Defendant's state court claims should be compelled to arbitration under the FAA has not yet been decided. Thus, the third exception under the Anti-Injunction Act is not applicable here.

Since Plaintiffs have failed to show that an exception to the Anti–Injunction Act under the current circumstances was expressly authorized by Congress, necessary in the aid of this Court's jurisdiction, or necessary to protect or effectuate a final judgment of this Court, the Act does not provide this Court with the authority to enjoin Defendant's state court proceedings.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to stay proceedings in the Court of Common Pleas of Erie County, Pennsylvania [ECF No. 28], be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

    /s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: June 24, 2015

cc: The Honorable Terrence F. McVerry  
     United States District Judge