# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE OPERATING, LLC, doing business as GOLDEN LIVING CENTER -WALNUT CREEK, ERIE ACQUISITION, LLC, et al., Plaintiffs | Civil Action No. 14-72 Erie |
| v. | District Judge McVerry Magistrate Judge Baxter |
| TOM FOSTER, Administrator of the Estate of Kenneth W. Foster, Deceased, Defendant. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss Plaintiffs' amended complaint [ECF No. 24] be granted in part and denied in part.

### II.     REPORT

#### A.     Relevant Procedural and Factual History

On or about January 28, 2014, Defendant initiated a general docket civil action in the Court of Common Pleas of Erie County, Pennsylvania, by filing a Praecipe for Writ of Summons at Docket No. 10203 of 2014, naming all Plaintiffs in the present action as potential Defendants in the state court action. (Id. at ¶ 1). An Amended Praecipe for Writ of Summons was subsequently filed by Defendant on or about February 11, 2014, naming Denise Curry ("Curry"), a Pennsylvania resident, as an additional potential Defendant in the state court action. (Id. at 1; Exhibit 1).

On March 4, 2014, Plaintiffs Erie Operating, LLC d/b/a Golden Living Center-Walnut Creek, Erie Acquisition, LLC; Golden Gate National Senior Care, LLC; GGNSC Equity Holdings, LLC; GGNSC Holdings, LLC; GGNSC Clinical Services, LLC; GGNSC

Administrative Services, LLC: Spectra Healthcare Alliance VI, LLC; and Beverly Enterprises, Inc., initiated this action by filing a complaint to compel arbitration and stay proceedings in Court of Common Pleas of Erie County, PA [ECF No. 1] against Defendant Tom Foster, Administrator of the Estate of Kenneth W. Foster, deceased, pursuant to 28 U.S.C. §1332(a)(1) and 9 U.S.C. §4 of the Federal Arbitration Act ("FAA").

According to Plaintiffs' complaint, the deceased, Kenneth W. Foster, was a resident at the Golden Living Center – Walnut Creek skilled nursing facility in Erie, Pennsylvania from May 4, 2012 through May 27, 2012. (ECF No. 1, Complaint, at ¶ 2). Upon his admission to the facility, Decedent executed, *inter alia*, an Alternative Dispute Resolution Agreement ("ADR Agreement"), which provides, in pertinent part:

> This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action in a court of law sitting in the state where the Facility is located. Covered Disputes include but are not limited to all claims in law or equity arising from one Party's failure to satisfy a financial obligation to the other Party; a violation of a right claimed to exist under federal, state, or local law or contractual agreement between the Parties; tort; breach of contract, consumer protection; fraud; misrepresentation; negligence; gross negligence; malpractice, and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards.

(Id. at ¶¶ 3, 28; Exhibit 3, p. 2). Plaintiffs allege that "any and all of Defendant's claims against Plaintiffs which might be raised in the underlying state court civil action are covered disputes within the scope of the ADR Agreement executed by Decedent" and, therefore, such claims must be pursued through arbitration in accordance with the ADR Agreement and Section 2 of the FAA, 9 U.S.C. §2. Plaintiffs allege further that, on February 20, 2014, they made a written demand upon Defendant to arbitrate his claims, but Defendant "has refused to submit his disputes according to the ADR Agreement." (Id. at ¶ 31).

On May 2, 2014, Defendant filed a motion to dismiss Plaintiffs' complaint [ECF No. 7]. After oral argument was heard on Defendant's motion, this Court issued Report and Recommendation ("R&R") on December 31, 2014, recommending that Defendant's motion to dismiss be granted, without prejudice, because there was no justiciable case or controversy before the Court due to the fact that Plaintiff had not yet filed a complaint in the state court action. [ECF No. 14].

On the same date as this Court's R&R, Defendant filed his complaint in the state court action, which alleges claims against Plaintiffs and Curry pursuant to, *inter alia*, Pennsylvania's Survival Statute (42 Pa.C.S.A. § 8302) and Wrongful Death Act (42 Pa.C.S.A. § 8301) [ECF No. 25-1]. Plaintiffs and Curry filed preliminary objections to Defendant's state court complaint on January 16, 2015, arguing that the state court action should be compelled to binding arbitration pursuant to the same ADR Agreement at issue in this case. [ECF No. 25-2].

Plaintiffs subsequently filed a motion for leave to file a supplemental pleading in this case [ECF No. 15], which was granted by this Court by Order dated February 5, 2015. As a result, Plaintiffs filed an amended complaint to compel arbitration and stay proceedings in Court of Common Pleas of Erie County, PA ("amended complaint") on February 10, 2015 [ECF No. 21]. In light of Defendant's filing of the state court complaint and Plaintiffs' filing of an amended complaint in this action, District Judge Terrence F. McVerry issued a Memorandum Order on February 18, 2015, denying as moot this Court's R&R, and remanding the case to this Court for further proceedings based on Plaintiffs' amended complaint [ECF No. 23].

On February 24, 2015, Defendant filed a motion to dismiss Plaintiffs' amended complaint [ECF No. 24], arguing that (1) Plaintiffs have failed to state a cause of action upon which relief

may be granted because the ADR Agreement does not govern claims arising under Pennsylvania's Wrongful Death Act, 42 Pa.C.S.A. § 8301; (2) Plaintiffs have failed to join Curry as an indispensable party; and (3) the *Colorado River* abstention doctrine weighs in favor of this Court abstaining from exercising jurisdiction over this matter in light of the pending state court action. Plaintiffs have since filed a brief in opposition to Defendant's motion. [ECF No. 26]. This matter is now ripe for consideration.

### B. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### C. Discussion

#### 1. Failure to State a Claim Upon Which Relief May be Granted

##### a. Wrongful Death Claims

Defendant moves to dismiss Plaintiffs' amended complaint for failure to state a claim upon which relief may be granted, arguing that the ADR Agreement does not cover Defendant's underlying state court claims arising under Pennsylvania's Wrongful Death Act, 42 Pa.C.S.A. § 8301 ("Wrongful Death Act"). Defendant bases this argument on the recent Pennsylvania Superior Court holding that a deceased nursing home resident's heirs were not bound to arbitrate their independent cause of action under the Wrongful Death Act on the basis of an arbitration agreement contained in the decedent's contract with the nursing home. Pisano v. Extendicare Homes, Inc., 77 A.3d 651 (Pa. Super. Ct. 2013), appeal denied, 86 A.3d 233 (Pa. 2014).[1] In so holding, the Superior Court observed that "[a] wrongful death action no longer is derivative of the decedent's claim, and … the right of action belongs to the statutory claimants rather than the decedent." Id. at 657. Thus, Defendant concludes that the ADR Agreement at issue in this case is unenforceable as to Defendant's Wrongful Death claims under Pennsylvania law.

In response, Plaintiffs dispute that the Pisano holding is binding upon this Court because it is merely an intermediate state court decision. Nonetheless, while it is true that a State's highest court is deemed "the final arbiter of what is state law," West v. American Telephone & Telegraph Co., 311 U.S. 223, 236 (1940), "an intermediate appellate state court decision … is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."

---

[1] In making this argument, Defendant correctly notes that, in a federal court action based on diversity of citizenship, the district court must apply the substantive law of the state in which the court sits. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (holding that "a federal court sitting in diversity must apply state substantive law and federal procedural law") (citing Erie R.R. v. Tompkins, 301 U.S. 64, 78 (1938)).

Id., at 237. No other persuasive data has been offered here.

Moreover, Plaintiffs acknowledge that the Middle District Court of Pennsylvania recently predicted that the Pennsylvania Supreme Court would "adopt Pisano as Pennsylvania's state law, when given the chance." Northern Health Facilities v. Batz, 993 F.Supp.2d 485, 498 (M.D.Pa. 2014). In so doing, the Middle District Court conceded that the Third Circuit Court previously reached the opposite conclusion of Pisano in Grbac v. Reading Fair Co. 688 F.2d 215 (3d Cir. 1982), where the Court relied upon the Pennsylvania Supreme Court case of Hill v. Pennsylvania R.R. Co., 178 Pa. 223, 35 A. 997 (1896), to find that the Pennsylvania Wrongful Death Act did not create "a separate claim on behalf of the surviving spouse and children which is not affected by the decedent's execution of a pre-mortem release." Grbac, 688 F.2d at 216-17. However, the Pisano court aptly observed that the Hill decision was based on an older version of the Wrongful Death Act, which was subsequently amended in 1911 to distinguish between wrongful death actions and survival actions. Pisano, 77 A.3d at 656. The Pennsylvania Supreme Court later recognized this distinction in different contexts. See, e.g., Anthony v. Koppers Co., Inc., 496 Pa. 119, 436 A.2d 181, 185 (1981) ("As distinguished from the wrongful death statutes, the survival statutes do not create a new cause of action; they simply permit a personal representative to enforce a cause of action which had already accrued to the deceased before his death"); Pezzuli v. D'Ambrosia, 344 Pa. 643, 26 A.2d 659, 661 (1942) ("[Survival and wrongful death actions] are entirely dissimilar in nature. The one represents a cause of action unknown to the common law and is for the benefit of certain enumerated relatives of the person killed by another's negligence. The other is not a new cause of action at all, but merely continues in his personal representative

the right of action which accrued to the deceased at common law because of the tort").

Based on the foregoing Pennsylvania Supreme Court pronouncements recognizing the distinction between wrongful death and survival actions, there is little indication that the Pennsylvania Supreme Court would decide differently from the Superior Court in <u>Pisano</u>. Thus, although Plaintiffs are correct in stating that this Court is not bound by the <u>Pisano</u> decision, we agree with the Middle District Court's prediction that <u>Pisano</u> will ultimately be adopted as the substantive law of Pennsylvania regarding the non-derivative nature of wrongful death actions. This being the case, the Court finds that Defendant's wrongful death claims are not bound by the ADR Agreement and may not be compelled to arbitration by the Court. Accordingly, that portion of Plaintiffs' amended complaint seeking to compel arbitration of Defendant's wrongful death claims should be dismissed.

### **b.** **Survival Claims**

Significantly, Defendant has not moved to dismiss Plaintiffs' amended complaint to compel arbitration of Defendant's survival claims, in particular. Instead, it appears that Defendant is seeking dismissal of the entire complaint for failure to state a claim based upon Plaintiffs' inability to compel arbitration of the wrongful death claims. This is not warranted. In fact, the United States Supreme Court has observed

> [the FAA] requires piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement. If the dispute between [the defendant] and [the plaintiff] *is* arbitrable under the Act, then [the plaintiff's] two disputes will be resolved separately – one in arbitration, and the other (if at all) in state-

court litigation.

Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 20 (1983). Such piecemeal litigation is required "irrespective of any concomitant decline in judicial efficiency." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 309 (3d Cir. 2009). Thus, Defendant's motion to dismiss Plaintiff's amended complaint to compel arbitration of Defendant's survival claims, for failure to state a claim upon which relief may be granted, should be denied.

### 2. Failure to Join Indispensable Party

Alternatively, Defendant moves to dismiss Plaintiffs' amended complaint under Rule 12(b)(7) of the Federal Rules of Civil Procedure based upon their alleged failure to join Curry as an indispensable party under Rule 19(b). Failure to join a party under Rule 19 is a two-step inquiry. First, the court must determine whether an absent party should be joined as a necessary party under Rule 19(a). Second, if joinder of the party is deemed necessary but is not feasible because it would defeat diversity of citizenship, then the court must determine whether the absent party is "indispensable" under Rule 19(b). If the party is ultimately deemed indispensable, the court must dismiss the action for lack of subject matter jurisdiction. Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 319 (3d Cir. 2007) (citations omitted).

#### a. Necessary Party under Rule 19(a)

Rule 19(a) provides, in pertinent part

> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter

jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Here, Curry is alleged to be Plaintiffs' Regional Vice-President, who is responsible for managing and controlling the operations of dozens of Plaintiffs' nursing facilities, including the nursing home where the decedent was residing at the time of his death, Golden Living Center – Walnut Creek. (ECF No. 25-1, Defendant's State Court Complaint, at ¶ 24). As such, she, along with Plaintiffs in this action, is alleged to have breached her duty to provide decedent with adequate and appropriate healthcare, and to have committed negligence *per se* for violations of 18 Pa.C.S.A. § 2713 ("Neglect of Care Dependent Person"), and 35 P.S. 10225.101, *et seq*. ("Pennsylvania Older Adults Protective Services Act"). In light of these claims, Curry obviously has an interest related to the subject of this action because the ADR Agreement at issue similarly addresses Defendant's claims against her, as well as the Plaintiffs.

Without Curry's joinder in this action, this Court is unable to determine whether any of Defendant's potential claims against Curry fall within the ADR Agreement. Instead, such determination would be left to the discretion of the state court in Defendant's underlying action.

It is apparent that the absence of Curry from the present litigation exposes Defendant to the substantial risk of incurring inconsistent obligations, since this Court could reach a different conclusion than the state court concerning the enforceability of the ADR Agreement. Because of this, this Court finds that Curry is a necessary party to this action. See Golden Gate National Seniorcare, LLC, et al. v. Lane, 2015 WL 926432, at *3 (M.D. Pa. Mar. 4, 2015); GGNSC Equity Holdings, LLC, et al. v. Breslin, 2014 WL 5463856, at *3 (M.D. Pa. Oct. 27, 2014) (both holding, under identical circumstances, that Curry was a necessary party to a federal court action to compel arbitration).

### b.     Indispensable Party under Rule 19(b)

The next question, then, is whether Curry is an indispensable party under Rule 19(b), which requires the Court to evaluate: (1) the extent to which judgment rendered in the person's absence might prejudice that person or existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, by shaping of relief, or by other measures; (3) whether judgment rendered in the person's absence would be adequate ; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Fed.R.Civ.P. Rule 19(b). In short, indispensable parties are "'[p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 421 (3d Cir 2010) (internal quotations

omitted).

Here, Defendant argues that the failure to join Curry "would impede this Court's ability to shape relief in a matter that: (1) avoids prejudice to Defendant; and (2) avoids duplicative and simultaneous litigation in multiple forums." (ECF No. 25, Defendant's Brief, at p. 12). In addition, Defendant asserts that dismissal of this case for non-joinder would not prejudice Plaintiffs because they would have an adequate remedy in the pending state court proceeding.

In response, Plaintiffs point to the case of <u>PaineWebber v. Cohen</u>, 276 F.3d 197, 203 (6th Cir.2001), in which the Sixth Circuit held that the possibility of duplicative proceedings is not dispositive. In so holding, the <u>Paine Webber</u> court noted that finding the non-diverse party to be indispensable "would virtually eliminate the availability of federal courts to enforce arbitration clauses in diversity cases by the simple expedient of one of the parties filing a preemptive suit in state court with at least one non-diverse defendant." <u>Id</u>. at 203, <u>citing</u> <u>Doctor's Assocs., Inc. v. Distajo</u>, 66 F.3d 438, 445 (2d Cir. 1995). This Court agrees with this observation.

More particularly, in the Middle District Court's recent consideration of the same arguments under nearly identical circumstances in <u>Golden Gate National Senior Care, LLC v. Addison</u>, 2014 WL 4792386, at *7 (M.D. Pa. Sept. 24, 2014), the court found that the duplication of proceedings in such circumstances "is not a disqualifying factor," as "there exists a low risk that the state court will reach an inconsistent outcome regarding the ADR Agreement" and, "even assuming such risk … this is not the degree of prejudice

required to conclude that an absent party is indispensable." Accordingly, the court deemed the risk of prejudice to be low. Id. This Court agrees with the Middle District Court's conclusion in this regard.

There is no denying that Defendant's state court claims against both Curry and Plaintiffs are based upon the same occurrence; that is, the alleged substandard care afforded to the decedent prior to his death. Because Curry has been sued in the underlying state court action, she has an interest in the controversy and her absence from this matter may arguably result in claims left undecided. However, the instant action merely seeks to compel arbitration -- it does not seek to adjudicate the merits of any claim. Thus, the prejudicial effect of duplicative proceedings in multiple forums does not weigh in Defendant's favor.

The latter argument cited by Defendant does weigh in his favor, however. Plaintiffs have already sought to compel arbitration in the state court action by the filing of preliminary objections, which remain pending. Thus, Plaintiffs do have an adequate remedy if this action is dismissed for non-joinder. Nonetheless, "the potential existence of another forum does not, in and of itself, demand dismissal." Addison, 2014 WL 4792386, at *8.

Based on the foregoing, this Court essentially adopts the Middle District Court's finding in Addison that "the possibility of inconsistent rulings coupled with the burden on [Defendant] in pursuing duplicative litigation is not sufficiently prejudicial to find that Curry is indispensable. Thus, although there might be some prejudice and notwithstanding the fact that the state court could provide adequate relief to [Plaintiffs] through its disposition of the pending preliminary

objections, the Court finds that Curry is not an indispensable party under Rule 19(b) and that the action may proceed without her." Id. Accord, Lane, 2015 WL 926432, at *3; Breslin, 2014 WL 5463856, at *4.

### 3. *Colorado River* Abstention

Defendant next argues that, even if this Court is deemed to have subject matter jurisdiction, it should abstain from exercising it under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). "The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009). However, the Court recognizes that "abstention from the exercise of federal jurisdiction is the exception, not the rule." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 14 (1983).

The threshold question is whether Defendant's underlying state court proceeding and the instant proceeding are indeed parallel. Generally, cases are deemed parallel when they "involve the same parties and substantially identical claims, raising nearly identical allegations and issues." Yang v. Tsui, 416 F.3d 199, 204 n. 5 (3d Cir. 2005) (citations and internal quotations omitted). Thus, "when the claims, parties or requested relief differ, deference may not be appropriate." Complaint of Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980).

Here, Defendant asserts that the cases are "fundamentally parallel" because both cases require a determination of "whether the claims stated in the underlying nursing home neglect and abuse action are subject to binding arbitration under the alleged agreement." (ECF No. 25,

Defendant's Brief, at p. 14). While Defendant is correct that the arbitrability of the underlying state court action is an issue raised in both proceedings, it is not the primary relief requested in both. Whereas the instant action involves Plaintiffs' request to compel arbitration pursuant to the terms of the ADR Agreement, Defendant's state court action against Plaintiffs and Curry primarily seeks monetary damages for alleged torts. In such cases, courts have consistently found a lack of sufficient parallelism to warrant abstention. For instance, in GGNSC Lancaster v. Roberts, 2014 WL 1281130 (E.D. Pa. Mar. 31, 2014), the district court, when faced with similar circumstances, reasoned:

> In [the federal] action, petitioners seek to compel arbitration; in the state court action, the respondent/plaintiff seeks monetary damages for the alleged torts. This difference alone is enough to show that the proceedings are not parallel under Third Circuit case law.

Roberts, at *3, citing Allied Nut and Bolt, Inc. v. NSS Industries, Inc., 920 F.Supp. 626, 630-31 (E.D.Pa. 1996); Perry v. Manor Care, Inc., 2006 WL 1997480, at *6 (E.D.Pa. July 14, 2006) (state court action involving negligence claims asserted by nursing home resident and federal court action involving motion to compel arbitration of state court proceeding found not parallel); Harris v. Pernsley, 755 F.2d 338, 346 (3d Cir. 1985 (finding that state and federal court proceedings were not parallel because the relief sought in each case was different). Accord, Lane, 2015 WL 926432, at *3; Breslin, 2014 WL 5463856, at *5; Addison, 2014 WL 4792386, at *9.

In light of the foregoing case authority, the instant proceeding and the underlying state court proceeding are not parallel and, thus, *Colorado River* abstention is not appropriate in this case.

### 4. Stay of State Court Action

Lastly, Defendant moves to dismiss Plaintiffs' request to stay the state court action pursuant to the FAA and the Anti-Injunction Act.

Initially, Plaintiffs assert that this Court should stay Defendant's state court proceedings pursuant to Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, **upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration** under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement….

(emphasis added). However, district courts have recognized that "[t]he FAA itself 'does not expressly authorize federal courts to enjoin state court proceedings.'" Addison, 2014 WL 4792386, at *15, quoting Insurance Newsnet.com, Inc. v. Pardine, 2011 WL 3423081, at *4 (M.D.Pa. Aug. 4, 2011); Morgan Stanley Dean Witter Reynolds, Inc. v. Enterman, 2003 WL 22020065, at *3 (E.D.Pa. July 3, 2003).[2] Thus, Plaintiffs' reliance on the stay provision of Section 3 of the FAA is misplaced.

Nonetheless, Plaintiffs more appropriately argue that the Court is authorized by the Anti-Injunction Act to stay Defendant's state court action. As a general rule, "the Anti-Injunction Act is 'an absolute prohibition against enjoining State Court proceedings, unless the injunction falls

---

[2] The cases cited by Plaintiff, In re Mintze, 434 F.3d 222 (3d Cir. 2006), Grimm v. First Nat'l Bank of Pennsylvania, 578 F.Supp.2d 785 (W.D.Pa. 2008), and Lloyd v. HOVENSA, LLC, 369 F.3d 263 (3d Cir. 2004), all deal with the stay of federal court proceedings under Section 3 of the FAA, 9 U.S.C. § 3.

within one of three specifically defined exceptions.'" In re General Motors Corp. Pick-Up Fuel Tank Products Liability Litigation, 134 F.3d 133, 144 (3d Cir. 1998), quoting Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970). In particular, the Act allows a federal court to stay state court proceedings only where a stay is (i) expressly authorized by Act of Congress; (ii) necessary in aid of the federal court's jurisdiction; or (iii) necessary to protect or effectuate the federal court's judgments. 28 USC §2283. "These three exceptions are to be rigorously construed and 'should not be enlarged by loose statutory construction.'" In re General Motors, 134 F.3d at 144, quoting Atlantic Coast, 398 U.S. at 287. "[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." Atlantic Coast, 398 U.S. at 294. "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." Id. at 297.

Here, Plaintiffs invoke the second and third exceptions in seeking this Court's stay of Defendant's state court proceeding. However, as to the second exception, the Third Circuit Court has noted that "the typical application of this exception has been in removal cases (where a district court must ensure its exclusive governance of the particular litigation removed) and in *in rem* cases (where, under the traditional view, only one court can entertain jurisdiction over a particular res)." 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d 401, 407 (3d Cir. 1992) (footnotes and citations omitted). Neither the removal

nor *in rem* application of this exception is implicated here. Thus, Plaintiffs' reliance on the second exception under the Anti-Injunction Act is unavailing.

Even so, the third exception may be appropriate, as it "is founded in the well-recognized concepts of res judicata and collateral estoppel," and "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988). Here, because the validity and enforceability of the ADR Agreement is still at issue, the underlying issue of whether Defendant's state court survival claims should be compelled to arbitration has not yet been decided. As a result, the third exception is not yet applicable. Nonetheless, a stay may be in order if it is ultimately determined that Defendant is bound by the ADR Agreement. Defendant's motion to dismiss Plaintiffs' request for a stay of the state court action under the Anti-Injunction Act should be denied at this time.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss Plaintiffs' amended complaint should be granted in part and denied in part, as follows:

1. Defendant's motion should be GRANTED insofar as Plaintiffs seek to compel arbitration of Defendant's state court wrongful death claims; and

2. Defendant's motion should be DENIED in all other respects.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have

fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

                /s/ Susan Paradise Baxter  
                SUSAN PARADISE BAXTER  
                United States Magistrate Judge

Dated: August 13, 2015

cc:    The Honorable Terrence F. McVerry  
       United States District Judge