IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE OPERATING, LLC d/b/a GOLDEN LIVING CENTER-WALNUT CREEK, ERIE ACQUISITION, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC CLINICAL SERVICES, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; SPECTRA HEALTHCARE ALLIANCE, INC.; SPECTRA HEALTCARE ALLIANCE VI, LLC; and BEVERLY ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TOM FOSTER, Administrator of the Estate of Kenneth W. Foster, Deceased, <br><br> Defendant. | C.A. No. 14-72 Erie |

## MEMORANDUM OPINION AND ORDER OF COURT

On August 13, 2015, Magistrate Judge Susan Paradise Baxter issued a Report and Recommendation ("R&R") (ECF No. 38), which recommended that DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (ECF No. 24) filed by Defendant Tom Foster, Administrator of the Estate of Kenneth W. Foster ("Foster") be granted in part and denied in part. Now pending before the Court is the OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 40) filed by Defendant Foster. Plaintiffs (collectively "Erie Operating") filed a response in opposition to the Objection. On September 29, 2015, Magistrate Judge Susan Paradise Baxter denied Defendant's motion for leave to file an amended motion to dismiss the complaint. Accordingly, the Objection is ripe for disposition.

Factual and Procedural Background

This civil action under the Federal Arbitration Act was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation ("R&R") in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Local Rules 72.1.3 and 72.1.4. In essence, Plaintiffs are related entities which operate a skilled nursing facility in Erie, Pennsylvania. Defendant is the administrator of the estate of his father, who was a resident in that nursing facility. At the time of his admission, Kenneth Foster executed an Alternative Dispute Resolution ("ADR") Agreement. The parties dispute the scope of the ADR Agreement.

The procedural history is tortuous, but need not be recited in full herein. As relevant to the pending issues, Foster filed a general docket civil action in the Court of Common Pleas of Erie County, Pennsylvania ('Erie County Court") in which he asserted claims against Erie Operating under the Pennsylvania Survival Statute, 42 Pa.C.S.A. § 8302, and Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301. Erie Operating commenced this action in federal court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which seeks the following relief: (1) an Order which compels arbitration of Foster's claims pursuant to the terms of the ADR Agreement; (2) an Order pursuant to the FAA which stays the case filed by Foster in the Erie County Court; and (3) issuance of an injunction under the Anti-Injunction Act, 28 U.S.C. § 2283, which enjoins Foster from pursuing the Erie County Court action.

Legal Analysis

The narrow issue in this federal case is strictly procedural – in what forum should the underlying substantive claims be resolved? Foster contends that both the Survival and Wrongful Death claims should proceed in the Erie County Court. Erie Operating contends in

its Complaint that both the Survival and Wrongful Death claims should be resolved in arbitration. Magistrate Judge Baxter, in a well-reasoned and Solomonic decision, concluded that the claims should be severed, such that the Wrongful Death shall go forward in Erie County and the Survival claim is subject to the ADR Agreement (if valid) and must be arbitrated.

The Court agrees with the analysis of Magistrate Judge Baxter and will adopt her R&R as the opinion of the Court. Under Pennsylvania law, Survival claims and Wrongful Death claims are "two separate and distinct causes of action [that] arise from a single injury." *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 656-57 (Pa. Super. 2013). A Survival action is dependent upon the rights that the decedent possessed at the time of his death. By stark contrast, a Wrongful Death claim belongs to the <u>heir(s)</u> rather than the decedent. *Id*. In this case, because Kenneth Foster signed the ADR Agreement, the Survival action may be subject to arbitration. However, the heir(s) cannot be required to arbitrate the Wrongful Death claim(s) because they are not bound by the ADR Agreement.

The Court acknowledges that there is a split of authority as to whether the FAA preempts Pa.R.C.P. 213(e) (which mandates consolidation of Survival and Wrongful Death claims). *Compare, e.g., Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa. Super. 2015) *with Golden Gate Nat'l Senior Care, LLC v. Beavens*, 2015 WL 5000886, at *10 (E.D. Pa. Aug. 20, 2015) (concluding that federal district courts are not bound by the Pennsylvania Superior Court's decision in *Taylor*). The Court further recognizes that the result of this decision will create inefficiency, as the parties will be forced to litigate very similar disputes in separate forums. Nevertheless, the Supreme Court explained in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19-20 (1983), that related claims must sometimes be resolved piecemeal in different forums to accomplish the goals of the FAA.

The Court notes that the pending Objections arise in the context of a ruling on a motion to dismiss. Magistrate Baxter noted that "the validity and enforceability of the ADR Agreement is still at issue." *See Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) ("a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement"). Upon remand, the Magistrate Judge should proceed expeditiously to determine whether the issues of validity and enforceability are truly contested. *See Beavens*, 2015 WL 5000886, at *5:

> I may resolve GGNSC's motion to compel arbitration at the pleading stage without the benefit of discovery if "it is apparent, based on 'the face of [the petition], and documents relied upon in the [petition],' that certain of a party's claims 'are subject to an enforceable arbitration clause'...." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir.2013) (citing Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F.Supp.2d 474, 482 (E.D.Pa.2011)).

If the issues are contested, the Magistrate Judge should resolve them quickly so that this case can be closed and the parties can present their substantive disputes in the appropriate forum(s).[1]

Conclusion

The Court finds that Magistrate Judge Baxter reached a reasoned, well-supported decision in the August 13, 2015 R&R. Accordingly, after a *de novo* review of the Objections, responses and other pleadings and documents in this case, an appropriate Order follows.

McVerry, S.J.

---

[1] Defendant also objected to the R&R's analysis of the *Colorado River* abstention doctrine. The Court agrees with and adopts Magistrate Judge Baxter's analysis.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE OPERATING, LLC d/b/a GOLDEN LIVING CENTER-WALNUT CREEK, ERIE ACQUISITION, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC CLINICAL SERVICES, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; SPECTRA HEALTHCARE ALLIANCE, INC.; SPECTRA HEALTCARE ALLIANCE VI, LLC; and BEVERLY ENTERPRISES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TOM FOSTER, Administrator of the Estate of Kenneth W. Foster, Deceased, <br><br> Defendant. | C.A. No. 14-72 Erie |

## ORDER OF COURT

**AND NOW**, this 8th day of October, 2015, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the R&R of August 13, 2015 is **ADOPTED** as the Opinion of the Court; Defendant's OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 40) is **DENIED**; and DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (ECF No. 24) is **GRANTED IN PART AND DENIED IN PART**.

The case is hereby remanded to Magistrate Judge Baxter for further proceedings in accordance with this Memorandum Opinion.

s/ Terrence F. McVerry<br>
TERRENCE F. McVERRY<br>
Senior United States District Judge

cc: U.S. Magistrate Judge Susan Paradise Baxter

William M. Buchanan, Esq.
Email: wmbuchanan@burnswhite.com

Patrick L. Mechas, Esq.
Email: plmechas@burnswhite.com

Michael T. Collis, Esq.
Email: mcollis@wilkesmchugh.com

Ryan J. Duty, Esq.
Email: rduty@wilkesmchugh.com