IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE OPERATING, LLC, doing business as GOLDEN LIVING CENTER -WALNUT CREEK, ERIE ACQUISITION, LLC, et al., Plaintiffs<br><br>v.<br><br>TOM FOSTER, Administrator of the Estate of Kenneth W. Foster, Deceased, Defendant. | Civil Action No. 14-72 Erie<br><br>District Judge McVerry<br>Magistrate Judge Baxter |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that Defendant's motion for summary judgment [ECF No. 48] be granted, and that summary judgment be entered in favor of Defendant and against Plaintiffs in this case.

## II.  REPORT

### A.  Relevant Procedural and Factual History

On or about January 28, 2014, Defendant Tom Foster ("Foster"), Administrator of the Estate of Kenneth W. Foster ("the Decedent"), initiated a civil action in the Court of Common Pleas of Erie County, Pennsylvania, by filing a Praecipe for Writ of Summons at Docket No. 10203 of 2014 ("State Court Action"), naming all Plaintiffs in the present action (collectively, "Erie Operating") as potential defendants in the State Court Action. (Id. at ¶ 1). An Amended Praecipe for Writ of Summons was subsequently filed by Foster on or about February 11, 2014,

naming Denise Curry ("Curry"), a Pennsylvania resident, as an additional potential defendant in the State Court Action. (Id. at 1; Exhibit 1).

On March 4, 2014, Erie Operating initiated this action by filing a complaint to compel arbitration and stay proceedings in Court of Common Pleas of Erie County, PA [ECF No. 1] against Foster, pursuant to 28 U.S.C. §1332(a)(1) and 9 U.S.C. §4 of the Federal Arbitration Act ("FAA"). According to Erie Operating's complaint, the Decedent was a resident at the Golden Living Center – Walnut Creek skilled nursing facility in Erie, Pennsylvania from May 4, 2012 through May 27, 2012. (ECF No. 1, Complaint, at ¶ 2). Upon his admission to the facility, the Decedent executed, *inter alia*, an Alternative Dispute Resolution Agreement ("ADR Agreement"), which provides, in pertinent part:

> This Agreement applies to any and all disputes arising out of or in any way relating to this Agreement or to the Resident's stay at the Facility or the Admissions Agreement between the Parties that would constitute a legally cognizable cause of action in a court of law sitting in the state where the Facility is located. Covered Disputes include but are not limited to all claims in law or equity arising from one Party's failure to satisfy a financial obligation to the other Party; a violation of a right claimed to exist under federal, state, or local law or contractual agreement between the Parties; tort; breach of contract, consumer protection; fraud; misrepresentation; negligence; gross negligence; malpractice, and any alleged departure from any applicable federal, state, or local medical, health care, consumer, or safety standards.

(Id. at ¶¶ 3, 28; Exhibit 3, p. 2). Erie Operating alleges that "any and all of [Foster]'s claims against [Erie Operating] which might be raised in the underlying [State Court Action] are covered disputes within the scope of the ADR Agreement executed by Decedent" and, therefore, such claims must be pursued through arbitration in accordance with the ADR Agreement and Section 2 of the FAA, 9 U.S.C. §2. Erie Operating alleges further that, on February 20, 2014, it

made a written demand upon Foster to arbitrate his claims, but Foster "has refused to submit his disputes according to the ADR Agreement." (Id. at ¶ 31).

On December 31, 2014, Foster filed a complaint in the State Court Action, which alleges claims against Erie Operating and Curry pursuant to, *inter alia*, Pennsylvania's Survival Statute (42 Pa.C.S.A. § 8302) and Wrongful Death Act (42 Pa.C.S.A. § 8301) [ECF No. 25-1].[1] Erie Operating filed preliminary objections to Foster's state court complaint on January 16, 2015 (hereinafter referred to as " the Preliminary Objections"), arguing that the State Court Action should be compelled to binding arbitration pursuant to the same ADR Agreement at issue in this case. [ECF No. 25-2]. Foster filed a response in opposition to the Preliminary Objections on February 5, 2015, and the parties subsequently filed briefs in support of their respective positions. (ECF No. 50, Foster's Concise Statement of Material Facts, at ¶¶ 5-6).

In the meantime, Erie Operating filed with this Court an amended complaint on February 10, 2015 [ECF No. 21]. On February 24, 2015, Foster filed a motion to dismiss Erie Operating's amended complaint [ECF No. 24], arguing, *inter alia*, that the ADR Agreement does not govern claims arising under Pennsylvania's Wrongful Death Act, 42 Pa.C.S.A. § 8301. By Report and Recommendation dated August 13, 2015, this Court recommended that Foster's motion to dismiss be granted to the extent Erie Operating sought to compel arbitration of Foster's state court wrongful death claims, but denied in all other respects. [ECF No. 38].

Meanwhile, in the State Court Action, a hearing on the Preliminary Objections was held

---

[1] On the same date, this Court issued a Report and Recommendation ("R&R") recommending dismissal of this case, without prejudice, because there was no justiciable case or controversy before the Court due to the fact that Plaintiffs had not yet filed a complaint in the state court action. [ECF No. 14]. In light of Plaintiffs' filing of their state court complaint, this Court's R&R was dismissed as moot by Memorandum Order of District Judge Terrence F. McVerry, dated February 18, 2015. [ECF No. 23].

before the Honorable John Garhart of the Erie County Court of Common Pleas on July 7, 2015, after which Judge Garhart issued an order overruling Erie Operating's Preliminary Objections and, thus, holding that neither of Foster's state court claims could be compelled to arbitration ("State Court Order"). (Id. at ¶ 7; ECF No. 48-4). On July 23, 2015, Erie Operating appealed the State Court Order to the Pennsylvania Superior Court. [ECF No. 48-5].

On August 26, 2015 (two weeks after this Court issued its Report and Recommendation), Foster filed a motion for leave to file amended motion to dismiss based upon the State Court Order. [ECF No. 39]. This Court denied Foster's motion by text order dated September 29, 2015, stating that "the state court's order denying preliminary objections did not address the merits of Plaintiff's claims and does not have any preclusive effect on the Court's ability to decide the issues in this case" [ECF No. 45].[2]

On September 10, 2015, Judge Garhart filed an Opinion pursuant to Pa.R.A.P. 1925(a) in support of his judgment overruling the Preliminary Objections, stating, in pertinent part:

> Here, Appellee Tom Foster, as administrator of the Decedent's estate, brought a wrongful death claim, pursuant to the Wrongful Death Statute, 42 Pa.C.S.A. § 8301, and a survival action, pursuant to the Survival Statute, 42 Pa.C.S.A. § 8302, against Appellants. As conceded by Appellants in their preliminary objections, the Decedent executed the ADR agreement; consequently, the wrongful death beneficiaries are not bound by the ADR agreement and cannot be compelled to litigate their claims in arbitration. In consonance with the legal authority discussed *supra*, the wrongful death and survival actions must be consolidated for trial, and this Court appropriately refused to mandate arbitration and/or

---

[2] At the time this Order was entered, the only state court document of record in this case was the State Court Order, which simply states, in pertinent part, "[Erie Operating's] preliminary objection challenging this Court's subject matter jurisdiction due to an ADR agreement is OVERRULED." [ECF No. 39-2]. This Court did not yet have the benefit of receiving a copy of Judge Garhart's subsequent Opinion of September 10, 2015, which clarifies the basis and extent of his Order. Had this Opinion been a part of the record in this case at the time this Court entered its Order of September 29, 2015, Foster's motion to file an amended motion to dismiss would likely have been granted.

4

> bifurcate the claims. Although Appellants disagree with the holding in *Taylor* [*v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa.Super. 2015)], it is binding precedent.

(ECF No. 48-7, Judge Garhart's Opinion, at p. 4).[3]

Based on the foregoing opinion and order of Judge Garhart in the underlying State Court Action, Foster has filed a motion for summary judgment with this Court arguing that the instant lawsuit is precluded by the principles of *res judicata* and/or collateral estoppel under 28 U.S.C. § 1738. [ECF No. 48]. Erie Operating has since filed a memorandum in opposition to Foster's motion for summary judgment. [ECF No. 53]. This matter is now ripe for disposition.

### **B.** **Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

---

[3] Erie Operating's appeal of Judge Garhart's order remains pending before the Pennsylvania Superior Court.

of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences

therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

### **C.** **Discussion**

Foster moves to dismiss the complaint in this case based on the doctrine of issue preclusion, in light of the State Court Order.[4] Faced with the same issue and a nearly identical fact pattern, the Honorable Barbara J. Rothstein recently found that issue preclusion required dismissal of the federal court action. GGNSC Erie Western Reserve, LP v. Stubits, CA 15-61 (ECF No. 33 at 4-8) (W.D.Pa. Nov. 9, 2015) (finding preclusive effect even where the prior state court ruling was not brought to the court's attention until after it had ruled on the estate

---

4
Foster also argues that the complaint should be dismissed pursuant to the doctrine of *res judicata*, or claim preclusion. However, the Court need not reach that argument.

defendant's motion to dismiss). Since then, two other district judges within this same judicial district have adopted Judge Rothstein's conclusion and analysis in substantially similar cases. See GGNSC Uniontown, LP v. Bauer, 2015 WL 9304508, at *2 (W.D. Pa. Dec. 22, 2015) (Bissoon, J.); GGNSC Altoona Hillview LP v. Martz, 2016 WL 502089 at *5 (W.D. Pa. Feb 8, 2016) (Gibson, J.). This Court similarly concurs in this case.

"The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the full faith and credit statute, which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States… as they have by law or usage in the courts of such State… from which they are taken.'" Grimes v. Vitalink Commun. Corp., 17 F.3d 1553, 1562 (3d Cir. 1994) (quotations omitted). Federal courts "must give the acts of Pennsylvania's courts the same full faith and credit in federal court that they would enjoy in Pennsylvania's courts." Greenleaf v. Garlock, Inc., 174 F.3d 352, 357 (3d Cir. 1999). Thus, to determine the preclusive effect of the state court order in this case, the Court must look to the law of Pennsylvania. Id.

Under Pennsylvania law, issue preclusion "forecloses litigation of a specific issue of law or fact that has been litigated and was necessary to a previous final judgment." Cytemp Specialty Steel v. W.C.A.B., 39 A.3d 1028, 1034 (Pa. Commw. 2012); Cemex, Inc. v. Indus. Contracting and Erecting, Inc., 2006 WL 1785564, at *3 (W.D.Pa. June 26, 2006), aff'd 256 Fed. Appx. 146 (3d Cir. 2007) (citation omitted). Another court's determination of an issue has preclusive effect under Pennsylvania law if: "(1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior

adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action." Cemex, at *3. Here, the third and fourth elements are clearly satisfied and not subject to reasonable dispute.[5] Thus, the only elements in dispute are whether the issues are identical and whether the State Court Order constitutes a final judgment on the merits under Pennsylvania law.

### 1. The Issues Are Identical

Foster argues that the issues in the two cases are identical because the state court addressed the precise matter that remains pending before this Court – whether Foster's survival claims should be compelled to arbitration pursuant to the FAA. Erie Operating counters that the issues in the two cases are not identical based on essentially the same arguments raised by the federal plaintiffs in Stubits: (1) the District Court is not bound by the intermediary decisions of the Pennsylvania Superior Court (namely, Pisano and Taylor, upon which Judge Garhart's decision rests); and (2) federal courts are not bound by the state court's interpretation of a federal statute. See Stubits, CA 15-61 (Doc. 28 at 6-8). However, these arguments "miss the point of issue preclusion." GGNSC Uniontown, 2015 WL 9304508, at *3. "[T]he fact that a federal court might decide the issue differently than the state court is irrelevant in deciding whether the issues are identical." Stubits, CA 15-61 (Doc. 33 at 6) (citations omitted). As in Stubits, the State Court

---

[5] The Court recognizes that Erie Operating has ostensibly challenged the fourth element, arguing that they were not "provided due process to litigate and argue the merits of the arbitration agreement at issue, due to the Erie County Court's reliance on Pisano v. Extendicare, 77 A.3d 651 (Pa. Super. 2013) and Taylor v. Extendicare, 113 A.2d 317 (Pa. Super. 2015)." (ECF No. 53, Plaintiffs' Memorandum in Opposition, at p. 4). The inquiry here, however, is not whether Erie Operating was able to fully address the merits of the ADR Agreement at issue before the state court, but whether it had a full and fair opportunity to litigate the issue of whether the State Court Action must be compelled to arbitration. It is beyond dispute that Erie Operating was granted the latter, as evidenced by the briefing and oral argument that took place before Judge Garhart.

Order expressly addresses the arbitrability of the survival claim under the FAA, which is the identical issue pending before this Court. This is all that is required for issue preclusion.

### 2. **The State Court Order Was a Final Judgment on the Merits**

Erie Operating contends that the State Court Order does not constitute a final judgment on the merits because it "is tentative, subject to appeal and did not reach the merits of arbitration under the FAA and traditional Pennsylvania contract law." (ECF No. 53, Plaintiffs' Memorandum in Opposition, at p. 16).

"Pennsylvania law takes a broad view on what constitutes a 'final judgment' for purposes of *res judicata*." Richardson v. Folino, 2012 WL 6552916, at *6 (W.D. Pa. Dec. 14, 2012); Dyndul v. Dyndul, 620 F.2d 409, 412 (3d Cir. 1980) ("[f]inality for purposes of issue preclusion is a more 'pliant' concept than it would be in other contexts"). In particular, the pendency of an appeal is irrelevant for purposes of issue preclusion. A judgment is considered final under Pennsylvania law if it is "sufficiently firm to be accorded conclusive effect." Greenleaf, 174 F.3d at 358, citing Restatement (Second) of Judgments § 13 at 132. In determining whether a judgment is "sufficiently firm" to have preclusive effect, four factors must be considered: "(1) whether the prior decision was 'adequately deliberated and firm' and not 'avowedly tentative'; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; (4) whether the court's prior decision was subject to appeal or was in fact reviewed on appeal." Id.

Here, as in Stubits, the State Court Order is unequivocal, with no indication that any of its terms are tentative or subject to change. The record establishes that the Order was issued upon full consideration of the parties' briefs and oral arguments, and is well supported by a thorough

and reasoned opinion. Finally, the order was, in fact, appealed to the Pennsylvania Superior Court. Thus, the State Court Order is sufficiently firm to constitute a final judgment on the merits for the purpose of issue preclusion. See Schuldiner v. Kmart Corp., 450 F.Supp.2d 605, 609 (E.D.Pa. 2006) ("Pennsylvania law does not require that courts await appellate review in an initial action before res judicata or collateral estoppel may apply in the second action"); Cemex, Inc., 2006 WL 1785564, at *3, quoting Shaffer v. Smith, 673 A.2d 874 (Pa. 1996) ("'a judgment is deemed final for purposes of [issue preclusion] unless or until it is reversed on appeal'").

Having determined that the four elements for issue preclusion are present in this case, the Court concludes that full faith and credit and comity toward the state courts of Pennsylvania require dismissal of the complaint in this matter.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion for summary judgment [ECF No. 48] be granted, and that summary judgment be entered in favor of Defendant and against Plaintiffs in this case.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                                                       /s/ Susan Paradise Baxter
                                                       SUSAN PARADISE BAXTER
                                                       United States Magistrate Judge

Dated: June 1, 2016

cc:     The Honorable Terrence F. McVerry
        United States District Judge